1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   United States of              ) No. CV 03-2131 RSWL (RCx)
     America, ex rel. Maria        )
12   Serrano,                      )
                                   )
13                                 )
                 Plaintiff,        ) **ORDER GRANTING IN PART AND**
14                                 ) **DENYING IN PART**
                 v.                ) **DEFENDANTS' MOTION TO**
15                                 ) **DISMISS**
     The Oaks Diagnostics,         )
16   Inc., DBA Advanced            )
     Radiology of Beverly          )
17   Hills, Ronald Grusd,          )
     M.D., and Earl Fernando,      )
18   M.D.                          )
                                   )
19               Defendants.       )
                                   )
20                                 )
     ──────────────────────────────

21
22        On July 17, 2008, Defendants', The Oaks Diagnostics
23   and Dr. Ronald Grusd[1] (hereafter "Defendants") joint
24   Motion to Dismiss came on regular calendar before this
25   Court.  Defendants were represented by Patrick Hooper
26   and the Government was represented by Assistant United
27   ────────────────────
         [1] On July 14, 2008, Default Judgment was entered against Dr.
28   Earl Fernando.

                                                    SCAN    O

States Attorney, Shana Mintz.  The Court, having considered all briefs filed in connection with this Motion, as well as all arguments presented by the parties, **HEREBY FINDS AND RULES AS FOLLOWS**:

I. **BACKGROUND**

A.   <u>Factual Background</u>[2]

The Oaks Diagnostics, dba Advanced Radiology of Beverly Hills ("Advanced Radiology") provides diagnostic testing to referred patients.  According to the Government's Intervening Complaint ("Complaint"), Defendants Advanced Radiology, and its owner Dr. Ronald Grusd along with Dr. Earl Fernando and other unspecified employees engaged in a scheme to defraud the Government by performing and receiving Medicare reimbursement for unnecessary diagnostic testing on patients between 1999 and 2003.

In order to bill Medicare Part B, which allows for reimbursement for diagnostic testing, the provider must submit a standardized claim form which certifies that the services were "medically indicated and necessary for the health of the patient." [Compl. at ¶ 16.]  Medicare also requires that all diagnostic tests "must be ordered by the physician who furnishes a consultation or treats a beneficiary for a specific medical problem and who

---

[2] For the purposes of this Motion to Dismiss, the Court has gleaned all factual background information from the allegations set forth in the Complaint.

2

uses the results in management of the beneficiary's specific problem."  42 C.F.R. § 410.32(a); [Compl. at ¶ 18.]

Nordelyn Leslie Lowder ("Lowder"), an employee of Advanced Radiology, was previously prosecuted and convicted for her participation in the fraudulent billing scheme.  Lowder is accused of transporting patients for unnecessary tests, as well as providing cash incentives for the testing.

According to the Complaint, Defendants are liable because they were either specifically aware of the illegal activities or were deliberately ignorant of the activities.  Specifically, the Complaint alleges that former employees of Advanced Diagnostic stated that the office joked about "patients off the street" and even complained about submitting the suspicious claims.

The operative Complaint alleges the following claims:

1.   Violation of the False Claims Act (31 U.S.C. § 3729(a)(1) - Presenting False or Fraudulent Claims to the United States;

2.   Violation of the False Claims Act (31 U.S.C. § 3729(a)(2) - Making or Using a False Record or Statement to Get a False or Fraudulent Claim Paid or Approved;

3.   Violation of the False Claims Act (31 U.S.C. § 3729(a)(3)) - Conspiracy to Defraud the

Government by Getting a False or Fraudulent Claim Paid
or Approved;

       4.   Common Law Fraud;

       5.   Conversion;

       6.   Payment by Mistake;

       7.   Negligent Misrepresentation;

       8.   Money Had and Received.

B.   <u>Procedural Background</u>

    On March 26, 2003, Relator Maria Serrano
("Relator"), a former employee of Defendants, filed a
sealed qui tam Complaint alleging violations of the
False Claims Act ("FCA").  The Complaint alleged False
Claims Act violations, as well as claims based on
wrongful termination.

    No fewer than five times, Government sought, and
was granted, extensions of the seal and was permitted to
delay the election of intervention.

    On February 13, 2008, Government filed a Notice of
Election to Intervene.

    On April 14, 2008, five years after the original
complaint, Government filed the instant Complaint in
Intervention.  The Complaint alleges False Claims Act
violations, as well as common law claims.

    Currently, Defendants move to dismiss the entire
action with prejudice based on Plaintiff's alleged
failure to state a proper claim for relief under Rule

1  12(b); pleading claims outside the applicable statute of
2  limitations; and failure to plead fraud claims with
3  sufficient particularity.

4

5              II.  **DISCUSSION**
6  A.   General Legal Standard
7       In a Rule 12(b)(6) motion to dismiss, the Court
8  must presume all factual allegations of the complaint to
9  be true and draw all reasonable inferences in favor of
10 the non-moving party.  Klarfeld v. United States, 944
11 F.2d 583, 585 (9th Cir. 1991).  A dismissal can be based
12 on the lack of cognizable legal theory or the lack of
13 sufficient facts alleged under a cognizable legal
14 theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d
15 696, 699 (9th Cir. 1990).  However, a party is not
16 required to state the legal basis for his claim, only
17 the facts underlying it.  McCalden v. Cal. Library
18 Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990), cert.
19 denied, 112 S. Ct. 2306 (1992).

20      The question presented by a motion to dismiss is
21 not whether the plaintiff will prevail in the action,
22 but whether the plaintiff is entitled to offer some
23 evidence in support of his claim.  Swierkiewicz v.
24 Sorema N.A., 534 U.S. 506, 511 (2002).  When a complaint
25 adequately states a claim, it may not be dismissed based
26 on a district court's assessment that the plaintiff will
27 fail to find evidentiary support for his allegations or
28                          5

1  prove his claim to the satisfaction of the factfinder.

2  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1969

3  (2007).

4

5  B.  <u>Analysis</u>

6      1.  The Complaint in Intervention Relates Back to

7  the Original Qui Tam Filing

8          a) *Legal Standard*

9

10     According to 31 U.S.C. § 3731(b):

11

12         A civil action under section 3730 [31 USCS §
           3730] may not be brought--
13                   (1) more than 6 years after the date
                     on which the violation of section 3729
14                   [31 USCS § 3729] is committed, or
                     (2) more than 3 years after the date
15                   when facts material to the right of
                     action are known or reasonably should
16                   have been known by the official of the
                     United States charged with
17                   responsibility to act in the
                     circumstances, but in no event more
18                   than 10 years after the date on which
                     the violation is committed, whichever
19                   occurs last.

20  31 U.S.C. § 3731(b)

21     It remains unsettled in the Ninth Circuit whether

22  Government's intervention in a *qui tam* action relates

23  back[3] to the original filing of the sealed complaint.

24  _____

25     [3]  Under Rule 15 of the Federal Rules of Civil Procedure,
    an amendment to a pleading relates back to the date of the
26  original pleading when:

27             (c)(1)(B) the amendment asserts a claim or defense

28                            6

1  Indeed, the Second Circuit appears to be the only
2  Circuit Court to determine whether such relation back is
3  proper.   See United States v. Baylor Univ. Med. Ctr.,
4  469 F.3d 263 (2d Cir. 2006)(dismissing the Government's
5  Complaint for failure to elect intervention within the
6  proper statute of limitations and holding that the
7  statute of limitations for a complaint in intervention
8  runs from the date of filing and does not relate back
9  under Rule 15(c)(1) to the *qui tam* filing.)   The Baylor
10 Court found that relation back was inappropriate because
11 the Defendant has no notice of the sealed complaint.
12 Id.   However, several Courts have declined to follow the
13 Baylor rule.   See e.g., United States ex rel. Rost v.
14 Pfizer, Inc., 446 F. Supp. 2d 6 (D. Mass. 2006); United

15  ————————————————
16                that arose out of the conduct, transaction, or
              occurrence set out--or attempted to be set out--in
              the original pleading; or
17            (c)(1)(C) the amendment changes the party or the
              naming of the party against whom a claim is
18            asserted, if Rule 15(c)(1)(B) is satisfied and if,
              within the period provided by Rule 4(m) for
19            serving the summons and complaint, the party to be
              brought in by amendment:
20                  (I) received such notice of the action that
                  it will not be prejudiced in defending on the
21                merits; and
                  (ii) knew or should have known that the
22                action would have been brought against it,
                  but for a mistake concerning the proper
23                party's identity.
              (c)(2) When the United States or a United States
24            officer or agency is added as a defendant by
              amendment, the notice requirements of Rule
25            15(c)(1)(C)(I) and (ii) are satisfied if, during
              the stated period, process was delivered or mailed
26            to the United States attorney or the United States
              attorney's designee, to the Attorney General of
27            the United States, or to the officer or agency.

28                                    7

<u>States ex rel. Miller v. Bill Harbert Int'l Contr.,</u>
<u>Inc.</u>, 2007 U.S. Dist. LEXIS 17658 (D.D.C. Mar. 14,
2007)(refusing to follow Baylor.); <u>United States ex rel.</u>
<u>Cosens v. St. Francis Hosp.</u>, 241 F. Supp. 2d 223
(E.D.N.Y. 2002); <u>Miller v. Holzmann</u>, 2008 U.S. Dist.
LEXIS 48093 (D.D.C. June 23, 2008)(specifically
recognizing and refusing to follow the <u>Baylor</u>
precedent).

Significantly, the Ninth Circuit distinguished
<u>Baylor</u> in <u>United States ex rel. Cericola v. Fannie Mae</u>,
529 F. Supp. 2d 1139, 1148 (C.D. Cal. 2007), holding
that Rule 15 applied to *qui tam* claims, but
distinguishing the case from <u>Baylor</u> on the grounds that
<u>Baylor</u> evaluated a Government intervention, whereas
<u>Cericola</u> examined only a Relator amendment to the
complaint.

With this backdrop, this Court feels compelled to
examine general relation back principles prior to making
any decision in the instant action.

"[S]tatutes of limitations sought to be applied to
bar rights of the Government, must receive a strict
construction in favor of the Government."   <u>Badaracco v.</u>
<u>Comm'r</u>, 464 U.S. 386, 391 (1984) (quoting <u>E.I. Dupont de</u>
<u>Nemours & Co. v. Davis</u>, 264 U.S. 456 (1924)).

According to the Advisory Committee Note to Rule
15, if the law providing the limitation "affords a more
forgiving principle of relation back than the one

provided in this rule, it should be available to save
the claim." <u>See</u> 6A Wright, Miller & Kane, Federal
Practice and Procedure § 1503 (2d ed. Supp. 2001)
(noting that "[i]n 1991, Rule 15(c) was amended to
clarify that relation back may be permitted even if it
does not meet the standards of the federal rule if it
would be permitted under the applicable limitations
law").

   Some courts have reasoned that it would unfairly
prejudice the Government to, in one instance, allow for
extensions of the seal through Court approval and then
dismiss the actions based on those very extensions.
Under 31 U.S.C. § 3730(b)(3), "the Government may, for
good cause shown, move the court for extensions of the
time during which the complaint remains under seal under
paragraph (2).  Any such motions may be supported by
affidavits or other submissions in camera."  There is no
statutory cap on the number of extensions the government
may seek.

                    b)  *Analysis*

   To properly analyze this issue, it must first be
determined (1) whether the Complaint in Intervention is
an "amendment" to the Relator's complaint, or the filing
of a new complaint; (2) if found to be an "amendment,"
then it must be determined whether Rule 15 allows for
the relation back; (3) whether all claims relate back.

I) Filing of a Complaint in
Intervention is an Amendment to the
Relator's Original Complaint

According to 31 U.S.C. § 3730, an individual may bring an action "in the name of the Government." Indeed, once the action is brought, the action cannot be dismissed without permission from the Government, thus further enunciating the fact that the Government is at all times the entity with the power to bring and supervise the action.  The original complaint is filed to notify the Government of the potential suit it may choose to prosecute.  If the Government determines intervention is necessary, that determination is based on the claims and facts alleged in the original complaint.  The intervening complaint simply alters the complaint already filed.

To amend means to "alter, modify, rephrase, add to or subtract from."  Merriam-Webster Dictionary, 2007.  A Complaint in Intervention appears merely alters and adds to the Relator complaint.  There is no changing of the number, nor any potential to reassign the case to another court.  Indeed, the only apparent change is adding the United States in the case name.  Based on these facts, the Complaint in Intervention is more closely aligned to an amendment than the filing of a new complaint.

ii) Federal Rule of Civil

Procedure 15 Allows for the

Relation Back of FCA Claims

In the instant action, the Government is attempting to relate back almost five years its Complaint in Intervention to the date of the Relator's Original filing, March 26, 2003.

It is well established that the FCA contemplates an almost complete overlap between the interest of the Relator, who is always acting "in the name of the Government," and the government in every *qui tam* suit. See 31 U.S.C. § 3730(b)(1).

Moreover, as noted previously, there is no changing of party or naming of party *against whom a claim is asserted* when the Government files an Intervening Complaint because the relator was merely standing in the position of the Government until the Government determined whether it would join the action.  Indeed, the originally named defendants against whom the claim is asserted *remain the same*.  Therefore, Baylor's analysis under 15(c)(1)(C) is inapplicable in the instant action because there is no actual change of party and most assuredly, there is no change in the defendant against whom the claim is asserted.  Rule

15(c)(1)(C)[4] is wholly inapplicable to *qui tam* intervening complaints, thus this Court declines to follow the reasoning set forth in <u>Baylor</u>.

Rule 15(c)(2)[5] similarly would be inapplicable in the instant action because the United States is not being added as a defendant as is required by the rule. Therefore, the <u>Baylor</u> analysis is again inapplicable in situations where the government intervenes.

On review, the only section of Rule 15 that appears applicable to a standard Complaint in Intervention is 15(c)(1)(B), which provides that the amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading."  There is no notice requirement contemplated by this section of Rule 15.

---

[4] [T]he amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

[5] When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(I) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States Attorney or the United States Attorney's designee, to the Attorney General of the United States, or to the officer or agency.

In the instant action, the allegations brought
under the FCA all arise from the same conduct,
transaction or occurrence originally set out in the
original pleading.  The two complaints both allege that
Advanced Radiology recruited patients to the clinic,
performed unnecessary tests and fraudulently billed
medicare from 1999 to 2003.  The alleged scheme is laid
out in both complaints almost identically, both alleging
that the clinic would transport the patients to the
clinic, usually on the weekend, always with an escort
and perform multiple examinations on the patients over
the course of the day.  While common law claims were not
specifically pled in the original complaint, the general
allegations giving rise to the common law claims were
previously pled.  Based on the standard set forth in
Rule 15, each of the Government's FCA claims, as well as
the related common law claims, would arise from the same
conduct alleged in the Relator's complaint which was
filed within three years of the alleged conduct.

Moreover, even if notice were required by this
section of Rule 15, it would be difficult to imagine
that Defendants were unaware of the potential suit in
light of the criminal investigation and prosecution of
Advanced Radiology employees for involvement in this
alleged scheme.

It is unnecessary to address which statute of
limitations would apply, three years, six years or ten

13

years, because the original complaint was filed within three years of the alleged conduct.

    2.   Government's Complaint Fails to Properly State A Fraud Claim Under Rule 9(b)

       a) *Legal Standard*


    The FCA imposes liability on any person who knowingly submits false claims for payment to the United States, makes or uses a false record or statement to get a false or fraudulent claim paid or approved, or conspires to defraud the Government on such matters. <u>See</u> 31 U.S.C. § 3729(a)(1)-(3).

    Complaints brought under the FCA must fulfill the requirements of Federal Rule of Civil Procedure 9(b). <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1018 (9th Cir. 2001).

    To comply with Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." <u>Neubronner v. Milken</u>, 6 F.3d 666, 672 (9th Cir. 1993) (internal quotation marks omitted); <u>United States v. Sequel Contractors, Inc.</u>, 402 F. Supp. 2d 1142, 1152 (C.D. Cal. 2005)("In the Ninth Circuit, Rule 9(b) requires allegations of fraud to 'state the time, place, and specific content of the false representations as

well as the identities of the parties to the

misrepresentation'") (quoting Schreiber Distrib. Co. v.

Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.

1986)); Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th

Cir. 2007.

        b)   *Analysis*

    According to Defendants, Plaintiff has failed to

plead any of the causes of action with the necessary

specificity because the Complaint contains only general

allegations and provides no specifics regarding any of

the allegedly false claims.   In order to properly state

a claim for fraud under the False Claims Act, the

Plaintiff must allege with particularity, the time,

place, specific content and parties involved.   The

Plaintiff must also properly allege knowledge that the

submitted claims were false.

    In the instant action, the Complaint sets out a

detailed report of the alleged scheme to defraud

Medicare which included transporting "patients" to the

clinic, usually on weekends.   (Compl. at ¶ 36.) The

transport bus would include a monitor who would remain

with the patients.   Multiple tests, sometimes having no

single connection to a diagnosis, would be performed on

each of the patients.   (Compl. at ¶¶36-40.)   The tests

were medically unnecessary and conducted for the purpose

of defrauding the government, as evidenced in part by

the fact that the results of the tests were many times

delayed, yet no one ever complained about the delay.

According to Government, 1393 false claims were submitted between September 21, 1999 and December 31, 2003 involving 432 separate Medicare beneficiaries. Plaintiff identifies these claims through the incorporation in the Complaint of a chart listing each of the alleged false claims including the date, internal control number, referring physician, amount billed and amount paid for each of the claims. However, the list nor the Complaint identify any dates of service, an example of a tests performed, or a single patient involved in the tests. Moreover, it is unclear from the Complaint why the tests were medically unnecessary.

The general allegations that all claims submitted during an almost four year period were fraudulently submitted is insufficient particularity to satisfy the 9(b) pleading standard. While the Court is not suggesting that Rule 9(b) requires precise details pertaining to each of the allegedly 1393 claims submitted, the Ninth Circuit requires some specifics, such as the time, place, nature of the false statement, as well as the identities of the parties to the misrepresentation be present to comply with Rule 9(b) pleading standards. See generally Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007). However, because not a single allegedly false claim is stated with those particularities, the FCA claims must be

**DISMISSED.**

Furthermore, the Complaint fails to allege with any specificity Dr. Grusd's involvement in the scheme beyond his position as owner of The Oaks Diagnostics.

As to the issue of knowledge, the Complaint as currently drafted sufficiently pleads knowledge on the part of the co-conspirators.  The heightened pleading requirements of Rule 9(b) do not apply when pleading "malice, intent, knowledge and other conditions of mind of a person."  Fed. R. Civ. P 9(b).

In sum, the Intervening Complaint fails to allege the allegedly false claims submitted with sufficient particularity to satisfy the heightened Rule 9(b) pleading standard.  Therefore, the False Claims Act claims - claims 1, 2, 3, and 4 are **DISMISSED.**

However, the Court **GRANTS LEAVE TO AMEND** the Complaint as there is no current indication that such leave would be futile.[6]

As to the remaining non-fraud based claims (Misrepresentation, Conversion, Payment by Mistake, Negligent Misrepresentation, Money Had and Received), each of these claims satisfies notice pleading under

_____

[6] The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1120 (9th Cir. 2000).

Rule 12(b)(6).  The Complaint aptly supplies the allegations giving rise to the general scheme to attain and retain monies not properly owed to Defendants. These claims are made only against Advanced Radiology. Therefore, the pleading deficiencies pertaining to the individual defendants are inapplicable to these claims.

III. <u>**CONCLUSION**</u>

Based on the above analysis, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART.**

Claims One, Two, Three and Four are **DISMISSED** for failure to plead the False Claims Act with particularity under Rule 9(b).

Defendants' Motion to Dismiss each of the remaining claims is **DENIED.**  There is sufficient notice pleading under Rule 12(b)(6) to survive the instant motion.

Plaintiff is **GRANTED 30-days LEAVE TO AMEND** the entire Complaint.  The Complaint-in-Intervention relates back to the original Relator filing and therefore any amendments would be within the statute of limitations. **IT IS SO ORDERED.**

DATE: July 25, 2008

_____
/ S /

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

18